J. S22029/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
    :           PENNSYLVANIA
    :
           v.     :
    :
MARK DAVID MILLER,     :
    :
           Appellant     :     No. 1641 MDA 2015

Appeal from the PCRA Order August 24, 2015
In the Court of Common Pleas of Northumberland County
Criminal Division No.: CP-49-CR-0000789-2006

BEFORE: MUNDY, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:                 **FILED MAY 12, 2016**

Appellant, Mark David Miller, appeals *pro se* from the order entered in the Northumberland County Court of Common Pleas dismissing his "Writ of *Habeas Corpus*" as an untimely petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

On February 26, 2007, Appellant entered a negotiated guilty plea to two counts each of Indecent Assault of a person less than 13 years of age and Corruption of Minors[1] stemming from Appellant's continuous sexual abuse of his wife's two children over the course of approximately eleven years. Appellant also entered a negotiated guilty plea to Forgery in another matter. Pursuant to the plea negotiations, the trial court sentenced

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3126(a)(7) and 18 Pa.C.S. § 6301(a), respectively.

Appellant to an aggregate term of 18 to 48 months' incarceration, followed by a consecutive term of two years' probation. Appellant did not file a direct appeal.

Following Appellant's release, the trial court found Appellant in violation of his probation conditions for failing to have an approved home plan. On April 7, 2011, the trial court resentenced Appellant to an aggregate term of 1 to 36 months' incarceration. Appellant did not appeal that sentence.

Appellant filed the instant PCRA petition, his first, on February 10, 2015. On August 24, 2015, after giving proper notice, the PCRA court dismissed the petition without a hearing as untimely.

Appellant timely appealed and raises three issues on appeal:

> (1) Did the trial court err in converting the writ of *habeas corpus* into a PCRA?
>
> (2) Should the trial court have granted a hearing?
>
> (3) Was the probation violation sentence illegal?

Appellant's Brief at 3 (capitalization omitted, reordered for ease of disposition).

The PCRA court properly addressed Appellant's Petition for Writ of *Habeas Corpus* as a PCRA petition. The PCRA is the sole means by which a defendant may obtain collateral relief. 42 Pa.C.S. § 9542. It subsumes the remedy of *habeas corpus* with respect to remedies offered under the Post-

Conviction Relief Act. **Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa. Super. 2013) (citations omitted).

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." **Commonwealth v. Wilson**, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*). Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA petition. **See Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA petition is a jurisdictional requisite).

Under the PCRA, any PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Appellant's judgment of sentence became final on May 7, 2011. Because Appellant filed the instant petition in February 2015, nearly four

years after his Judgment of Sentence became final, it is facially untimely under the PCRA.

Pennsylvania courts may consider an untimely PCRA petition if the appellant can explicitly plead and prove one of the three exceptions set forth in 42 Pa.C.S. § 9545(b), which provides the following:

**(b) Time for filing petition.**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2). ***See, e.g., Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000) (applying sixty-day timeframe after reviewing specific facts that demonstrated the claim was timely raised).

Here, Appellant did not assert a timeliness exception. Rather, he argues that his petition is not untimely because "an illegal sentence is always available for challenge." Appellant's Brief at 9. Appellant does not develop this argument in his brief, and Appellant cites no legal authority to support his conclusory statement. As such, this limited untimeliness argument is waived for lack of development. **See** Pa.R.A.P. 2119(a); **Commonwealth v. Spotz**, 18 A.3d 244, 282 (Pa. 2011). Moreover, as a matter of law, Appellant's assertion is incorrect.

As long as this Court has jurisdiction over the matter, a legality of sentencing issue is reviewable and cannot be waived. **Commonwealth v. Jones**, 932 A.2d 179, 182 (Pa. Super. 2007). However, a legality of sentencing issue must be raised in a timely filed PCRA petition. **See** 42 Pa.C.S. § 9545(b)(2); **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto"). Appellant must present an illegal sentencing claim in a timely PCRA petition over which we have jurisdiction. **See id**. at 223.

Here, Appellant's probation-revocation Judgment of Sentence became final on May 7, 2011, upon expiration of the time to file a Notice of Appeal with the Pennsylvania Superior Court. **See** 42 Pa.C.S. § 9545(b)(3). Appellant needed to submit his PCRA petition by May 7, 2012. Appellant filed this PCRA petition on February 10, 2015, well after the one-year

deadline. After concluding that Appellant failed to plead and prove the applicability of one of the timeliness exceptions, the PCRA court properly dismissed Appellant's PCRA petition as untimely without a hearing.[2]

The PCRA court's dismissal is supported by the evidence of record and free of legal error. After a careful review of the parties' arguments and the record, we affirm.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/12/2016

---

[2] "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." **Commonwealth v. Sneed**, 45 A.3d 1096, 1106 (Pa. 2012) (quotation and citation omitted). Appellant did not raise a genuine issue of fact and the trial court did not abuse its discretion in dismissing the petition without a hearing.